Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9406 | **DATE** | 12/12/2012 |
| **CASE TITLE** | Reginald Lacey (K04547) vs. Unknown Parole Agent, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court authorizes and orders correctional officials to deduct $3.99 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Western Illinois Correctional Center. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff. Plaintiff's motion for appointment of counsel (Dkt. No. 4), and any other pending motions are denied as moot. Civil Case Terminated.

■[ For further details see text below.]                 Docketing to mail notices.

# STATEMENT

    Pro se plaintiff Reginald Lacey, an Illinois Department of Corrections (IDOC) inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.99. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

    The Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th

# STATEMENT

Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

The suit arises out of the revocation of plaintiff's mandatory supervise release (MSR) and return to prison. Plaintiff was incarcerated in the IDOC on a burglary conviction and released onto MSR in April 2011. His MSR was revoked and plaintiff was returned to prison because he committed a new crime while on MSR. Plaintiff counters that the alleged new crime is "bogus" because he has not yet been convicted on this charge. (Dkt. No. 1 at 5). He concedes that he has been before the Illinois Prisoner Review Board (PRB), but the Board has not yet come to a final decision due to the presently pending case. Plaintiff believes that he is now a pretrial detainee and cannot be held in the IDOC on the untried case.

As a threshold point, *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), prohibit plaintiff from challenging his original conviction and sentence along with the adjudication by the PRB revoking his MSR. *Heck* prohibits a § 1983 suit if that case would result in a ruling that "'would necessarily imply the invalidity of the conviction or sentence' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards*, 520 U.S. at 643 (quoting *Heck*, 512 U.S. at 487). *Edwards* extended the Rule of *Heck* to prison proceedings. *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008). Plaintiff's original sentence, along with the ruling from the PRB revoking the MSR, have not been overturned. *Heck* and *Edwards* therefore bars plaintiff from seeking monetary damages in the present suit to the extent that he is challenging his original conviction and sentence, and the PRB's revocation of his MSR. The Court cannot provide him relief that conflicts with these presently undisturbed rulings.

The *Heck / Edwards* bar would not apply to other actions such as the initial arrest by the parole agent prior to plaintiff's appearance before the PRB — an action that plaintiff also challenges. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384 (2007) (explaining that Fourth Amendment claims such as false arrest are not barred by *Heck*). However, any portion of plaintiff's claims surviving the *Heck / Edwards* bar are meritless.

MSR is a mandatory requirement for prison sentences in Illinois. *Illinois v. Horrell*, 919 N.E.2d 952, 957 (Ill. 2009). A prisoner on MSR "remains in the custody of the Department of Corrections, [and] the time during which he can be legally detained does not expire until the term of MSR expires." *Barney v. Prisoner Review Bd.*, 704 N.E.2d 350, 351 (Ill. 1998) (internal quotation marks and citations omitted).

Plaintiff believes that he was no longer a prisoner once he was released from prison and placed onto MSR, and classifies himself as a pretrial detainee. This is incorrect. He is still serving his original prison sentence while he remains on MSR. He has been returned to the IDOC for the MSR violation. He is a prisoner, not a pretrial detainee.

| STATEMENT |
| --- |

Furthermore, his view that he must be found guilty in a state criminal court on the new criminal charge before the MSR can be revoked is also incorrect. Plaintiff is involved with two separate proceedings arising from the alleged criminal activity — the revocation of his MSR from his prior conviction, and a new criminal charge for this alleged crime. A prisoner facing the revocation of MSR does not receive the "full constitutional rights guaranteed to criminal defendants" facing a new criminal charge. *Daniels v. Shaw*, No. 09 C 3407, 2010 WL 2541982, at *3 (N.D. Ill. June 18, 2010) (citing *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972); *United States v. Neal*, 512 F.3d 427, 435 (7th Cir. 2008)).

The complaint concedes that plaintiff has been receiving the required process for the MSR revocation. Due process only requires: (1) written notice of the claimed violation of MSR; (2) disclosure of the evidence against plaintiff; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing body such as a traditional parole board, a board that does not have to include judicial officers or lawyers; and (6) a written statement of facts by the fact finder as to the evidence relied upon and the reasons for the revocation. *Neal*, 512 F.3d at 435 (citing *Morrissey*, 408 U.S. at 489). Illinois provides these due process protections by statute, *Daniels*, 2010 WL 2541982, at *3 (citing 730 ILCS 5/3-3-9), and plaintiff does not allege that he is being denied them.

It should also be noted that the complaint does not claim that there was a lack of probable cause for the original revocation by the parole office prior to the PRB ruling — plaintiff limits his complaint to the improper belief that he must be convicted on the new criminal charge before his MSR can be revoked. But even if plaintiff had alleged a lack of probable cause for the original parole revocation, that claim would be defeated by the parole revocation report that plaintiff attaches to the complaint. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (citing Fed. R. Civ. P. 10(c)). The revocation report details that the Chicago police arrested plaintiff in separate cases of felony burglary of a church and drinking in public. "'Under the collective knowledge doctrine, the knowledge of one police officer is imputed to other officers when they are in communication regarding a suspect.'" *Reher v. Vivo*, 656 F.3d 772, 777 (7th Cir. 2011) (quoting *United States v. Ellis*, 499 F.3d 686, 690-92 (7th Cir. 2007)). Plaintiff was arrested by the Chicago Police Department. The parole officer relied on those arrests to set the MSR revocation process in motion. Plaintiff's only suggests that the revocation process should not have occurred until he was convicted in state court on the new charges. This is incorrect. The complaint fails to state a claim and is dismissed.

Finally, the Court declines to provide plaintiff an opportunity to submit a proposed amended complaint because it is clear that his case is meritless and cannot be saved by amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

| STATEMENT |
|---|
| If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). |